ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAVID A. LOMBARDERO, CSB 71715
Special Assistant United States Attorney
Asset Forfeiture Section
  Federal Courthouse, 14th Floor
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-7418
  Facsimile: (213) 894-7177
  E-mail: David.Lombardero@usdoj.gov

E-FILED 04/06/12
JS-6

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br>$195,440.77 in Bank Funds,<br>    Defendant. | No. CV 11-03777- PSG (CWx)<br><br>[~~PROPOSED~~]<br><br>CONSENT JUDGMENT |
| GEORGE TENEKJIAN and BLUE JAY TRADING, INC,<br>    Claimants. | |

     This *in rem* forfeiture action was filed on May 2, 2011. Notice was given and published in accordance with law. Claimants, GEORGE TENEKJIAN

("Tenekjian") and Blue Jay Trading, Inc. ("Blue Jay") filed timely claims and Answers. No other claims to the Defendant *res* were filed.

Tenekjian is the sole owner of Blue Jay, a California corporation from whose bank account Defendant $195,440.77 in Bank Funds (the "Defendant Funds") was seized. During the course of pretrial preparation, the U.S. Internal Revenue Service ("IRS ") concluded that Blue Jay and Tenekjian had made errors in their respective federal income tax returns for calendar year 2010, resulting in Tenekjian's understatement and underpayment of income taxes for that year.

Plaintiff, Claimants and the IRS have reached an agreement to dispose of this action by disbursing a portion of the Defendant Funds to the IRS as payment for Tenekjian's tax liabilities, forfeiting a portion of the Defendant Funds, and returning the remainder of Defendant Funds to Claimants. The changes to the tax returns and resulting liabilities are documented in IRS Forms 4549, 870 and 906-c, which Claimants have signed and delivered to the IRS. The amount due the IRS, including interest through March 31, 2012 is $78,167.

The parties hereby request that the Court enter the Consent Judgment set forth below.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over Plaintiff, the defendant funds, Claimants and the subject matter of this action.

2. Notice of this action has been given in accordance with law. All potential claimants to the Defendant Funds other than Claimants are deemed to have admitted the allegations of the Complaint. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

3. Defendant Funds shall be disbursed as follows:
   (a) $78,167, without interest, shall not be deemed forfeited but shall be paid to the IRS for credit to Tenekjian's 2010 federal income taxes;

      (b)    $40,000 shall be forfeited to the United States of America;

      (c)    $77,273.77 shall be returned to Claimant Tenekjian;

      (d)    The United States shall receive 40000/195440.77 = 20.4666% of the total interest accrued on the Defendant Funds. The remaining interest shall be paid to Tenekjian.

The payment specified in subsection (c) of this paragraph shall be made by electronic funds transfer to the account of Tenekjian or the Trust Account of his attorney, as Tenekjian shall direct. Tenekjian shall provide to the U.S. Attorney's Office with the account number and routing information.

    4.    The United States of America shall have judgment as to the Defendant Funds, plus its proportionate share of interest, as specified above, and no other person or entity shall have any right, title or interest therein.

    5.    The Department of Treasury is ordered to dispose of the Defendant Funds in accordance with the terms of this Judgment.

    6.    Claimants hereby release the United States of America, its agencies, agents, and officers, including employees and agents of the Internal Revenue Service, other federal law-enforcement agencies, and local or state law-enforcement officers cross-designated as agents of the United States, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney's fees, costs or interest which may be asserted on behalf of Claimants, whether pursuant to 28 U.S.C. § 2465 or otherwise.

7. The Court finds that there was reasonable cause for the seizure of the defendant funds and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

Dated: __04/06__, 2012

**PHILIP S. GUTIERREZ**
HON. PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

Dated: ~~March~~ April 3, 2012.    ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

By _/s/ David A. Lombardero_
DAVID A. LOMBARDERO
Special Asst. United States Attorney
Attorneys for Plaintiff
United States of America

Dated: March 27, 2012.    BRIGGS & ALEXANDER, PLC

By _/s/ Andrew Do_
ANDREW DO
Attorneys for Claimants